June Term,
1860.

STATE ex rel.
CHRISTOPHER
v.
THE CITY OF
PORTAGE.

STATE ex rel. CHRISTOPHER vs. THE CITY OF PORTAGE.

Where the charter of a city provided that upon the application of two-thirds of the owners of lots on a street, or part of a street, the council should have power to cause such street, or part of a street, to be graded, &c., and for the purpose of defraying the cost, to levy and collect a special tax on the lots abutting on such street, or part of a street, in proportion to the *front* or *size* of such lots respectively, it was *held*, that so much of an ordinance requiring such an improvement to be made, as directed that each lot, or part of a lot, should be charged with the cost of the work done in *front thereof*, to be collected as a special tax, was repugnant to the charter and void.

*Held*, also, that it was not necessary for the city council to have provided in one ordinance for the doing of the work, and for the manner of its payment, and although that part of the ordinance above referred to as being repugnant to the charter, is void, the other portion of it, which directed that the work should be done, and the contracts for doing it should be let, &c., may be sustained, and that the council are bound to provide for the assessment and equalization of a tax for the whole work done, among the several lots liable therefor, as the charter contemplates, if, under the circumstances, the provisions of the charter in that respect can still be substantially executed.

Under the power to order the improvement of a street, or *part* of a street, the city council might order the making of a side-walk on one *side* of a street only.

APPLICATION for a mandamus to compel the mayor, &c., of the city of Portage to provide for the assessment, equalization and collection of a special tax to defray the expense of

June Term,
1860.

State ex rel.
Christopher
v.
The City of
Portage.

certain work alleged to have been done by the relator under an ordinance of said city, or to show cause, &c. The affidavit of the relator showed that on the 1st of April, 1857, two-thirds of the owners of lots upon a certain portion of one of the streets of the city of Portage, made application in due form to the mayor and council of that city, for the passage of an ordinance requiring side-walks and street crossings to be made on one side of such portion of said street, and that an ordinance was passed on the 8th of April, 1857, requiring the owners of such lots to make such side-walks and crossings by the 1st of July following, in pursuance of the ordinance in relation to the improvement of streets, passed by said mayor, &c., on the 31st of March, 1857, and providing that in default thereof, the street commissioner of the proper ward should cause it to be done at the expense of the owners of said lots, as provided in the last mentioned ordinance. The ordinance of March 31st, 1857, provided that whenever the mayor, &c., should order a side-walk to be made, the owner of each lot bordering on the proposed improvement, should, at his own expense, and within the time limited by such order, do the work required thereby, upon so much of the street as lies in front of his lot, and that the owner of a corner lot should continue the work to the center of the intersecting street, and that if such work were not done within the time so limited, it should be forthwith done under direction of the street commissioner of the proper ward, at the expense of the owner of such lot; that the cost thereof should be levied and collected as a specific tax thereon, in the same way as the annual tax; that in such case the street commissioner, after giving a certain notice, should let the work to be done by contract, &c., and upon its completion give the contractor a certificate as to each lot, stating the amount chargeable to each lot and due to the contractor thereon, which certificate might be filed with the city clerk at any time before the tax list should be made out, and the amount should be by him added to the other taxes as a special tax upon such lot, and be inserted in the tax list and warrant for the current year, and be collected as other taxes, and paid to the owner of such certificate. The affidavit also

June Term,
1860.

STATE ex rel.
CHRISTOPHER
v.
THE CITY OF
PORTAGE.

alleged, that the owners of lots "4, 5, &c." of block 254 (on the part of the street above referred to), made default in doing the work as required by said ordinance of April 8th; that the street commissioner of the proper ward thereupon let the work, in pursuance of said ordinance of March 31st, to one C., who assigned the contract to the relator, who performed said work, and received the certificate of said commissioner, showing that the amount of said work was $1,115 44, and was due to said relator, and chargeable on said lots "4, 5, &c.," in said block 254; that he filed said certificate with the city clerk, on the 19th of August, 1857, and requested said mayor and council to provide for the assessment, &c., of a special tax, for the purpose of defraying the cost of said work, in accordance with said ordinance and the charter of said city, which they refused to do, &c.

The charter of the city of Portage provided, that upon application in writing of two-thirds of the owners of lots upon any street, or part of a street, the city council should have power to cause such street, or part of a street, or the sidewalk thereon, to be graded, paved or planked, " and to levy and collect a special tax on the lots and lands bounding and abutting on such street or side-walk, in proportion to the *fronts* or *size* of such lots respectively, for the purpose of defraying the cost of the same," and that it should be the duty of the city council to provide, by ordinance, for " assessing, collection and equalization of such special tax."

An alternative mandamus having been issued in this case, a motion was made to quash the writ, upon grounds which are sufficiently indicated in the opinion of the court.

*John Delany* and *Samuel Crawford*, for relator, cited 10 Wend., 363, and 23 id., 458.

*H. W. Tenney* and *Alva Stewart*, for respondent.

October 15. *By the Court*, PAINE, J. This was an application for a mandamus to compel the mayor and council of the city of Portage to provide for the assessment, collection and equalization of a special tax upon certain lots. A motion to quash the alternative writ was filed, and the principal objection made upon the argument was, that the ordinance providing

June Term,
1860.

STATE ex rel.
CHRISTOPHER
v.
THE CITY OF
PORTAGE.

for doing the work and letting the contract under which the relator claims, was repugnant to the charter, and therefore void.

That all that part of the ordinance which provided that each lot, or part of lot, should be chargeable with all the work done in front of it, and that owners of corner lots should continue the work to the centers of the intersecting streets, is repugnant to the provisions of the charter on that subject, can admit of no question. The charter evidently requires that when any street, or part of street, is ordered to be graded, and side-walks made, the section so ordered to be improved, shall, for the purposes of taxation, be treated as a whole, and that when the whole amount of tax to be raised for that work is ascertained, it shall be equalized and divided among the various lots chargeable therefor, according to their front or size. This, it is obvious, is an entirely different principle of assessment from that which charges each lot with the entire expense of the improvement in front of it, and serves to avoid much of the inequality and injustice of the latter system. But it is the latter which is provided for in the ordinance under which the relator's contract was let, and that part of it is, of course, void.

But it was strenuously contended by his counsel, that although this part of the ordinance was void, yet that inasmuch as the council had power to direct the work to be done, and to let the contracts therefor, the ordinance should be considered so far valid, and a mode of payment should be now provided for by the council in pursuance of the provisions of the charter. We have come to the conclusion that this position may be sustained, and that if it is still possible for the council to provide by ordinance for such an assessment and equalization of the tax for the whole work, as the charter contemplates, among the various lots liable therefor, then the ordinance already passed may be held valid, so far as directing the work to be done and the contract to be let is concerned. Whether such an equalization can now be provided for, we confess, seemed to us somewhat doubtful, inasmuch as the ordinance provided that such of the lot owners as chose might do the work in front of their own lots.

If a part availed themselves of this privilege and the others not, the adjustment and equalization of the tax would be rendered more difficult and complicated. But we are inclined to think that a system might still be adopted through which the object would be attained.

It was not necessary for the council to provide in one ordinance for the doing of the work, and also for the manner of payment. If they have attempted it, and the latter provision is void, that need not invalidate the whole, if they have proceeded in such a manner that the provisions of the charter can still be substantially executed.

We are also of opinion that under the power to order the improvement of a street, "or part of a street," the council might order the improvement of one side. That is certainly a part of a street, and the only limitation on their power of subdivision would seem to be the provision requiring the application of two-thirds of the owners of lots on the street, or part of street, to be improved.

It was objected that the commissioner's certificate was void for uncertainty, inasmuch as it states that the work is "chargeable on lots 4, 5, &c., in block 254." It was said that it did not appear to what the "&c.'" referred, and that the owners of lots 4 and 5 would not know what portion of the tax they were to pay. But if we have taken a correct view of the effect of the charter, this is entirely immaterial. For no part of the amount mentioned in the certificate is as yet chargeable to any particular lot, and it cannot be known what portion is so chargeable until the council have provided for the equalization of the tax, as required by the charter.

For these reasons we have concluded to overrule the motion to quash, with leave to answer if it is desired.