DILL vs. ROBERTS, impleaded, etc.

'TAXES. *Re-assessment—Statute construed—Technical errors disregarded.*

1. Chapter 132, Laws of 1868 (as amended by Chapter 52, Laws of 1870) authorizing the re-assessment and re-levy of all taxes and special as

Dill vs. Roberts, impleaded, etc.

sessments upon real estate in any town or city, which have been "declared illegal or void" by the judgment of any court of this state, in consequence of any "irregularity in the proceedings," erroneous or imperfect description of the property, or "omission to comply with the forms of law," "or for any other cause"—is a valid enactment. *Mills v. Charlton*, 29 Wis., and *Evans v. Sharp* 29 Wis., followed.

2. Notwithstanding its general language, the act must be held to apply only to taxes which the legislature could authorize the municipality to impose.

3. A tax void because imposed for purposes not within the taxing power of the legislature (as one to aid an individual or association to build a mill or hotel) cannot be aided by a statute for its re-assessment; and it is to be presumed that the act in question was not designed to apply to such a case.

4. In an action for damages against an officer who has sold plaintiff's chattels to make the amount of taxes re-assessed by a city council where the record does not show on what ground the taxes as first assessed had been adjudged void, it must be *presumed*, in favor of the jurisdiction of the council, that it was for some defect which the legislature could cure. But this presumption may be overcome by proper proof.

5. The aforesaid act authorizing the relevy of taxes, and the charter of the city of Prescott, require only the *aggregate amount* of the tax against each lot to be inserted in the tax list, and not the separate items of which such amount is composed.

6. Where a *less* amount has been actually relevied against plaintiff's lot than was ordered by the city council to be relevied, he has not been injured by the discrepancy, and cannot object on that ground to the admission in evidence of the tax proceedings.

7. Although there are expressions in the charter from which it might be plausibly argued that the legislature intended to exempt personal property in the city of Prescott, from distress and sale for unpaid taxes on real estate, yet it contains no express provision to that effect. *Held*, that the general law of the state on that subject is applicable to the city, and personal property therein is not thus exempt.

8. The charter gives the city treasurer until February 15 to make his return to the county treasurer. The warrant in this case was made returnable in January; but by renewals endorsed thereon, the time was extended until March. *Held*, that plaintiff was not injured by the irregularity in the original warrant, and cannot complain of it.

9. By the terms of said charter all mere technical objections to the tax proceedings, and irregularities therein not affecting the substantial justice of the taxes, are to be disregarded; and it was error for the

court below to reject evidence of said proceedings on the ground of such irregularities.

APPEAL from the Circuit Court for *Pierce* County.

This is an action to recover the value of certain personal property, which the plaintiff alleges was wrongfully taken from his possession by the defendants. The defendants answered separately, and subsequently, and before the trial, the action was dismissed as to the defendant Bailey.

The answer of the defendant Roberts, the appellant, is to the effect that from May 2, 1870, to May 1, 1871, he was the treasurer of the city of Prescott, duly elected and qualified; that on the 15th of December, 1870, he received from the city clerk the tax roll of said city for the year 1870, with a warrant annexed thereto, for the collection of such taxes, under the seal of the city, and signed by the mayor and clerk, the contents of which warrant are quite fully stated; that the warrant was extended thirty days by renewals endorsed thereon under the seal of the city and signed by such mayor and clerk, dated January 30 and February 14, 1871; that such tax roll contained a tax assessed against the plaintiff amounting to $157.57; that the defendant, as such treasurer, demanded such taxes of the plaintiff, who neglected and refused to pay the same, whereupon the defendant seized the property described in the complaint, by virtue of such warrant, on the 23d day of February, 1871, and after such demand and refusal; and that he duly advertised, and on the 1st day of March sold the property at public auction, and applied the proceeds of such sale to the payment of the tax. The answer also alleges that the property was bid off by one Sargent as the agent of the plaintiff and for him.

On the trial, the plaintiff testified concerning the value of the property, and that the same was taken from him without his consent. The official character of the defendant was admitted, and also, that the persons signing the warrant and the renewals endorsed thereon, were, respectively, the Mayor and Clerk of the city of Prescott.

The defendant offered together, in evidence: 1. Said tax roll and warrant, with the renewals thereon endorsed; 2. The return of the city treasurer thereto; 3. A copy of the notice of sale of the property in question; 4. A resolution of the common council of the city of Prescott, adopted September 5th, 1870, reciting that certain taxes on real estate described therein assessed to George A. Dill, (the plaintiff,) in the year 1867, had been declared illegal and void, and the collection thereof restrained, by a judgment of the circuit court of Pierce county, rendered at the November term thereof, 1869, and assessing and relevying the tax thus assessed, in 1867, on the same lands originally assessed therefor. The resolution, also contains the items of such re-levied tax, under the heads of "State tax," "County tax," "County school tax," "Superintendent's salary tax," "City tax," "District school tax," and "Jail tax." The aggregate amount thereof, is $201,17, and the aggregate valuation of all the property affected by the resolution, is $6,750; 5. A resolution adopted by the said common council, January 26th, 1871, extending the time for the collection of the taxes in said city, and renewing the warrant therefor, for fifteen days, from the expiration thereof, and directing the mayor and clerk to execute such renewal as required by law; 6. A similar resolution adopted by the said council February 11th, 1871, giving a further extension for fifteen days from February 14th, in the same year, or until the 1st of March inclusive.

The taxes thus ordered to be re-levied were inserted separately in the assessment roll or tax list for 1870, but only to the amount of $157.51 instead of $201.17 as ordered by the common council, but the valuations of the property stated in the order were retained. The taxes were computed at two and one-third per cent. upon such valuations, that being the percentage of the aggregate taxes of 1870 upon the assessed valuation for that year. The items of such re-assessed or re-levied taxes of 1867 were not inserted in the tax list of 1870, but only the aggregate thereof upon such parcel of land, and the character there-

ot was indicated by the following entry opposite each parcel: "re-assessed for tax of 1867."

The warrant is in the form required by law to be issued by town clerks to town treasurers; is made returnable on the last Monday in January, 1871; and contains a further statement of the per centum upon one dollar valuation of each of the several items of taxes above mentioned, except the "jail tax," there being no such item of tax levied for the year 1870. The warrant in effect commands the treasurer to pay over the city or district school tax to the county treasurer.

The renewals or extensions of the warrant were signed by the mayor and the clerk, and the corporate seal of the city appears to have been attached thereto.

To the admission in evidence of the above mentioned records and documents thus offered by the defendant, the plaintiff objected, assigning *twenty-nine* specific grounds of objection thereto. This objection was sustained by the court, and the offered evidence was rejected. The defendant duly excepted to the ruling and order of the court.

The plaintiff had a verdict for $185 damages, and judgment was duly rendered thereupon against the defendant Roberts, who has appealed therefrom to this court.

*L. P. Wetherby* and *George C. Hough,* for appellant.
*White & Button, contra.*

LYON, J.    I. The learned counsel for the plaintiff concedes that "a regular and legal warrant and tax roll, with legal and timely extensions, would constitute process that would justify the officer Roberts for acts done in good faith within the life of such process." Such is doubtless the law. But it is claimed that inasmuch as the defendant offered, with such tax roll, warrant and renewals, the record of other proceedings pertaining to the taxes in question, if such other proceedings are invalid, his justification fails, and the whole of the record included in such offer was, therefore, properly rejected, although

those portions which alone are essential to his justification, appear to be regular and valid. Upon this view of the effect of the defendant's offer of the records, the counsel submits an argument against the validity of the action of the common council of Prescott, in ordering a re-levy of the taxes in question after the same had been adjudged illegal and void, and the collection thereof enjoined by the circuit court for Pierce county. While we are not prepared to adopt the view thus taken of the legal effect of such offer, or to reject such view as incorrect, it is deemed proper to consider the question of the validity of the action of the city authorities, in re-levying upon the lands of plaintiff the taxes of 1867, thus adjudged illegal and void.

The authority of the common council to order a relevy of the taxes in question, (if such authority existed), is contained in the laws of 1868, chap. 132, as amended by the law of 1870, chap. 52. The law is as follows:

"Section 1. All taxes and assessments, either special or general, which have been heretofore or may hereafter be levied in any town or city in this state, upon any lands or real estate in such town or city, and which may have been or shall be set aside and declared illegal or void by the judgment of any court of this state, or by the action of any county board of supervisors of this state, or by the clerk of the board of supervisors of any county, in consequence of any irregularity in any of the proceedings in levying said tax or assessment, or of an erroneous or unperfected description of said lands and real estate, or in consequence of any omission to comply with the forms of law under which said tax or assessment may be or has been made, or for any other cause, may be re-assessed and relevied upon said lands or real estate in any such town or city, at any time within two years after the judgment of the court is pronounced, or the action of the county board of supervisors or any clerk thereof, setting aside said tax or assessment, and it shall be the duty of any town board of any town, or city council of any city, and they are hereby respectively authorized to insert in

the tax roll of such town or city, the amount of such tax or assessment, and the same shall be collected the same as other taxes and assessments are collected which have been assessed upon such lands or real estate for the year in which said assessment is inserted in the tax roll."

" Section 2. The taxes and assessments which may be re-levied according to the provisions of this act, shall be re-levied upon the same lands and real estate upon which the tax and assessment declared irregular or void was originally assessed, and this act shall apply to all taxes and assessments whether general or special, and shall apply to all the towns and cities in this state."

It will readily be seen that the above law, by its terms, is applicable to this case. The power of the legislature to enact laws of this character has recently been affirmed by this court, in two cases very similar to the one under consideration. *Mills v. Charlton*, 29 Wis.; *Evans v. Sharp*, 29 Wis., (decided at the last term.) In each of these cases, the assessment which was the subject matter of the action, had been adjudged illegal and void, and the collection thereof perpetually enjoined by a court of competent jurisdiction, and the same had been re-assessed under a law identical in principle with the law above quoted, so far as the latter law affects taxes which had been irregularly assessed before the same was enacted; and we are considering that law in no other respect. The action of the respective city authorities re-assessing and re-levying such assessments was held by this court to be regular and legal, and the lands of the respective plaintiffs affected thereby were held chargeable for the amount of such assessment thereon.

But notwithstanding the general language of the law above quoted, cases may arise that ought to be held not to be within the purview thereof, as, for example, where the tax is for a purpose, for which the legislature has no power, in the first instance, to authorize the municipality to impose taxes. Where a tax is illegal, beyond the curative powers of the

legislature, as where it is imposed for the purpose of aiding an individual, or association of individuals, to build a mill or hotel, the same is not and cannot be affected by any legislative enactment, and it is not to be presumed that when it enacted the law of 1868, the legislature intended that it should apply to such a case.

The record in this case does not inform us of the defect in the original assessment of the taxes in question, for which they were adjudged illegal and void by the circuit court. The defect, whatever it was, may or may not be within the curative power of the legislature. In the absence of any information on the subject, we must presume, in favor of the jurisdiction of the common council, that they were so adjudged by reason of some defect or irregularity in the levying thereof, which it was competent for the legislature to cure, and which is cured by the acts of 1868 and 1870.

This is a mere presumption, however, which is liable to be removed by proof of the character and nature of the infirmity in the original assessment and levy of the taxes. But as the case is now presented, we must hold that it appears *prima facie* from the records offered by the defendant and rejected, that the common council had power to order the taxes in question to be re-levied and collected.

II. The next material question relates to the sufficiency of the tax-list. It is objected that the re-levied taxes are inserted therein in the aggregate, and not in items under specific heads. There are two answers to this objection; one of which is that the law under which the taxes were so re-levied, only requires the *amount* thereof to be inserted in the tax roll, and the other is that the charter of the city of Prescott authorizes the clerk to make the tax roll in this form, and when he does so, requires him to insert in the warrant the per centum of each specific tax. This was done in this case. Pr. and L. Laws of 1870, ch. 250, sub ch. 8, sec. 10.

It is also objected that there is a discrepancy between the

amount of taxes ordered to be re-levied and the amount actually re-levied. Such discrepancy exists. The clerk, in carrying out the amount of the tax, retained the old valuation of plaintiff's lots as contained in the order of the common council, which was several thousands of dollars less than the valuation of 1870, and computed the taxes thereon at 2 1-3 per cent., being the same percentage as the taxes assessed in the city of Prescott for the year 1870. By this method of computation, only $157.51 was re-levied upon plaintiff's lots, instead of $201.17, as ordered by the common council. This was erroneous, but it is an error in favor of the plaintiff, of which he cannot be heard to complain.

III. We come now to consider the objections to the validity of the warrant annexed to the tax-roll. The material objection made thereto is that it commands the treasurer to collect the taxes assessed upon real estate by distress and sale of the goods and chattels of the person or corporation taxed; and it is claimed that the charter of the city of Prescott exempts personal property from seizure and sale for unpaid taxes on real estate, and that the above command to collect the taxes by distress and sale vitiates the warrant.

It is true that there are some provisions in the charter of the city of Prescott, upon which a plausible argument may be founded, that the legislature intended to exempt personal property from distress and sale for unpaid taxes upon real estate, but it contains no express provision to that effect. In the ab sence of such express provision, we are inclined to hold that the general law of the state in that behalf is applicable to that city, and that the warrant in that respect is in due form. Again, the city charter gives the treasurer until the 15th day of February to make his return to the county treasurer (ch. 8, sec. 14), while this warrant is made returnable on the last Monday of January. This is probably an irregularity, but inasmuch as the warrant was extended by renewals until the first of March, and the defendant was not required to pay the taxes assessed

against him until after the 15th of February, it is not perceived how he could have been injured by such irregularity.

IV. The city charter, in sec. 17 of ch. 8, provides as follows: "No error or informality in the proceedings of any of the officers in assessing property, levying or collecting taxes, or making return of unpaid taxes, not affecting the substantial justice of the tax itself, shall invalidate or vitiate or anywise affect the validity of the assessment or tax."

It is believed that this provision of the charter is a complete answer to all of the objections to the regularity of the proceedings which have not been specifically stated and commented upon. Those objections all seem to be purely technical, and the alleged irregularities do not affect the substantial justice of the taxes in question.

Upon the whole case, we are of the opinion that the court erred in excluding the record evidence offered by the defendant, and for that reason there must be a new trial.

*By the Court.*—Judgment reversed and a . *venire de novo* awarded.