## WARNER vs. KNOX, imp.

*November 10 — November 30, 1880.*

CONSTITUTIONAL LAW: CITIES. *(1–3) Legislative power to authorize, by special act, levy of special tax, in city.*
STREET IMPROVEMENTS. *(4) When equity will not interfere. (5) Whether "plan" of work required to be filed.*

1. Ch. 322 of 1875, "An act to authorize the improvement of certain streets in the third ward of the city of Milwaukee, and to authorize the levy of a special tax in said ward," is in the nature of an amendment of the city charter, and is a grant of corporate powers to the city; and it is not a "special act for the assessment or collection of taxes," within the meaning of the prohibition in subd. 6, sec. 31, art. IV of the state constitution.

2. The special tax provided for in the act being one to pay for the improvement of the streets therein named, the act does not embrace "more than one subject;" and the subject is sufficiently expressed in the title.

3. The legislature has the same power to charge to the lots abutting on a street the cost of a *second* pavement, that it has to so charge the cost of the *first;* and there is nothing in the provisions of the act in question from which the court can pronounce it unjust or unreasonable, or beyond the scope of the legislative power.

4. The consolidated charter of Milwaukee provides (sec. 35, subch. XVIII of ch. 184, Laws of 1874) that "no error or informality in the proceedings of any of the officers entrusted with the same, not affecting the substantial justice of the tax itself, shall affect the validity of the tax or assessment." The complaint shows that a contract for laying a block pavement was not let within the time fixed by law, and that no "plan"

or "profile " of the work was filed before the contract was let; but it states no facts showing that plaintiff was injured by these omissions; and it does not deny that "*specifications*" for the work were on file before proposals were advertised for. *Held*, on demurrer, that no ground is shown for the interference of equity to restrain the sale of plaintiff's lots for non-payment of the special tax assessed for the pavement. *Kneeland v. Milwaukee*, 18 Wis., 411–418, distinguished.

5. Whether it was even irregular to omit filing a "plan " of the work authorized by the act of 1875, *quære*.

APPEAL from the County Court of *Milwaukee* County.

The case is thus stated by Mr. Justice TAYLOR:

"This action was brought to enjoin the issuing of tax deeds upon certain tax certificates issued upon the sale of the plaintiff's lots in the city of Milwaukee, for the non-payment of certain assessments made upon said lots for paving the street upon which they are situated. The defendant *Knox*, as the holder of said certificates, was made a party to the action, and appeared, and demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and *Knox* did not further appear in the action. The city of Milwaukee answered and went to trial. The court below found against the city and in favor of the plaintiff; and judgment was entered against both defendants, declaring said tax certificates void and of no effect, and enjoining *Knox* from applying for any tax deed or deeds upon said tax certificates; also enjoining the city of Milwaukee and the treasurer from issuing any deeds upon the 'same. The defendant *Knox* appeals from the judgment, except as to the costs."

*Wilson Graham*, for the appellant.

*Frank B. Van Valkenburgh*, for the respondent.

TAYLOR, J. The appellant insists that his demurrer was well taken, and that the complaint does not state any cause of action against him. The respondent insists that his complaint shows that the certificates were illegal and void for the follow-

ing reasons:  *First.*  Chapter 322, Laws of 1875, under which the proceedings were instituted and carried on for the improvement of the street on which said lots are situated, and for which improvement the assessment was made on said lots, is unconstitutional and void.  *Second.*  If the act be not unconstitutional and void, the proceedings were void because the contract for the improvement of the street was not let within the time fixed by said act.  *Third.*  The complaint shows that the proceedings were void because no plan or profile of the work was filed in the proper office of the city before the work of paving the street was contracted for.  The learned counsel for the respondent contends that the said act of 1875 is unconstitutional and void — *first*, because it is a violation of the sixth clause of section 31, art. IV of the constitution, which prohibits the enacting of any special or private laws " for assessment or collection of taxes, or for extending the time for the collection thereof; " and *second*, because it is a local bill, and embraces more than one subject, and the subject of the bill is not expressed in the title thereof.

We do not think the act in question, which is " An act to authorize the improvement of certain streets in the third ward of the city of Milwaukee, and to authorize the levy of a special tax in said ward, " is void as being in contravention of the provisions of section 31 of art. IV of the constitution, above quoted.  The seventh clause of said section 31 prohibits the enactment of any special or private law " for granting corporate powers or privileges, except to cities. "  The granting, therefore, of corporate powers to cities is left to the discretion of the legislature, the same as it was before the adoption of said section 31 in 1871.  We are of the opinion that the act is in the nature of an amendment of the charter of the city of Milwaukee, and is a grant of corporate powers to said city, and not a special act for the assessment or collection of taxes within the meaning of the sixth clause of the section.  The tax imposed by the act is imposed solely for the purpose of

paying for the improvement of the streets authorized to be improved thereby. If this act comes within the provisions of the sixth clause, then every act authorizing a city to improve streets, or make any other improvement for the benefit of the corporation which involves the necessity of levying a tax on the city or any part thereof, or upon the lots and lands benefited thereby, to pay for such improvement, would be void. It is well known that one of the most important corporate powers of the cities in this state is the power to open, construct and keep in repair the streets in such cities, and that the methods of collecting the money necessary for that purpose are almost as numerous as the cities, the policy of almost every city in relation to the subject being different from every other. If the sixth clause of section 31 prohibits the enactment of special laws for the improvement of streets in any particular city, then there can be no law passed upon that subject which is not applicable to all the cities of the state. Such a construction of that clause of the constitution would render it impossible to meet the diverse wants of the several cities. We hold that the act grants corporate powers to the city of Milwaukee; that the granting of such powers by special act is not prohibited by any of the provisions of said section 31; and, although the granting of such corporate power involves the necessity of levying a general tax upon the property of the city for its execution, or a special assessment upon particular lots for that purpose, such special act is not a violation of the sixth clause of said section 31. The sixth and seventh clauses of the section must be construed together, and so as not to make them conflict. As the legislature, under other provisions of the constitution, and the exceptions in the seventh clause of said section 31, may pass a special law amending the charter, and conferring or changing its corporate powers and privileges, such law is not void because it provides for levying a tax or assessment for the purpose of carrying into effect the new powers and privileges so conferred or changed.

We think the second objection to said act is wholly un-founded. The subject of the act is the improvement of cer-tain streets in the third ward of the city of Milwaukee. That is all there is contained in the body of the act, and the power given in the act and specified in the title, to levy a tax in the third ward of said city, is in aid of that subject. The tax is authorized to be levied in order to pay for the improvement. Had the act provided for the levy and collection of a tax for a purpose entirely foreign to the improvement of the streets mentioned in the act, there might be some force in the objec-tion; but when the levy of the tax is in aid of the improve-ment of the streets, it is not a different subject. See *Phillips v. Town of Albany*, 28 Wis., 340–356; *Mills v. Charleton*, 29 Wis., 400–406; *State ex rel. Lord v. Washington Co.*, 2 Pin., 552–561. These cases are conclusive against the respond-ent upon this point. The bill contains only one subject, and that is sufficiently expressed in its title.

The learned counsel for the respondent, upon the argument, attacked the bill as unjust and unreasonable in its provisions, and insisted that it should be held void for that reason. We cannot say, from an examination of the law itself, that it is unjust. It provides that the board of public works of the city may cause certain streets in the third ward of the city to be paved with a wooden block pavement, and that the cost of making such pavement shall be paid as follows: "One-third by the property fronting or abutting on the streets, and two-thirds out of the ward funds." We have no means of deter-mining, from the examination of the act itself, that this law is unjust to the owners of the property on the streets im-proved. Ordinarily, a much larger portion of the cost of the improvement is charged to the adjoining lots. Again, it is said the law is unjust because the legislature at the same ses-sion passed another act for the improvement of Wisconsin street in said third ward, and that a different manner was adopted by that law for the payment of the improvement of

that street.  As said above, we cannot judge, from an examination of the acts themselves, whether they are unjust or
otherwise.  We are bound to suppose that the legislature was
informed upon the subject before the acts were passed, and
that the provisions were such as, in the opinion of the legislature, justified their adoption.  The manner of making street
improvements in cities, and of collecting the assessments
necessary to pay for such improvements, and the property
which shall be charged with the cost thereof, is mainly a
matter for the consideration of the legislature; and it would
require a very strong showing of injustice and wrong to justify this court in setting aside the action of the legislature
upon a subject of that nature.  This court has in very many
cases recognized the ample powers of the legislature over the
subject of special assessments.   *Weeks v. City of Milwaukee,* 10 Wis., 242; *Soens v. Racine,* id., 271; *Lumsden v.
Cross,* id., 282; *State ex rel. Christopher v. Portage,* 12 Wis.,
562; *Bond v. Kenosha,* 17 Wis., 284; *Blount v. Janesville,*
31 Wis., 648; *May v. Holdridge,* 23 Wis., 93; *Mills v.
Charleton,* 29 Wis., 400; *Evans v. Sharp,* id., 564; *Dill v.
Roberts,* 30 Wis., 178; *Dean v. Borchsenius,* id., 236–247;
*Johnson v. Milwaukee,* 40 Wis., 315.  These cases, and others
which might be cited, recognize the almost absolute power
which this court has conceded to the legislature over this
subject.

One reason assigned in the argument and alleged in the complaint why this assessment was unjust, was, that the plaintiff's
lots had been once paved at the expense of the lots.  This court
held, in *Blount v. Janesville, supra,* that the legislature had
the same power to charge the cost of a second pavement to
the adjoining lots that it had to so charge the cost of the first
pavement.  The other facts alleged in the complaint, which it
is claimed show that the assessments were illegal and unjust,
are, that the contract was not let within the sixty days, as provided in the act of 1875, and that no plan or profile of the

work was filed in the proper office before or at the time when the board of public works advertised for proposals for doing the work. It is not alleged in the complaint that the plaintiff was in any way prejudiced or injured by either of these alleged irregularities, and it is not apparent to the court that he could have been injured by either.

Whether letting the contract for doing the work a few days later than the statute prescribed was an injury to the plaintiff, is not alleged in the complaint; nor is it alleged that the neglect to file a plan of the work before advertising for contracts was injurious. That there were proper specifications for doing the work, on file at the time the proposals for contracts were advertised, is admitted by the complaint by not denying it; and from the recitations in the contract it would seem that plans as well as specifications were on file at the proper office when the contracts were made. How a plan or profile of a wooden block pavement would aid the parties bidding for the work, when proper specifications for doing the work were on file, we are unable to understand. If the absence of such plan was detrimental to the plaintiff's rights, we think the facts and circumstances which render it detrimental should be stated in the complaint, and not left to inference. It may be a question of very grave doubt whether, under chapter 322, Laws of 1875, it was necessary to file any plan of the work before letting the same. This is required by the provision of the charter of the city, but the act in question provided for doing this particular work in a different manner from that prescribed by the general charter. The third section of the act expressly declares that the provisions of the city charter relating to the certificates to be issued shall apply to all certificates issued under this act, and there is no other reference in the act to the city charter making its general provisions applicable to this particular work. But, whether the general provisions of the charter regulating the manner of doing street work apply to this work or not, the complaint having failed to show that the

plaintiff was in any way injured by the omissions complained of, and such omissions not being in themselves of such a nature that the court can take judicial notice that they would necessarily work an injury to the lot-owner, these omissions are not sufficient grounds for declaring the certificates void, under section 35, subch. 18 of ch. 184, Laws of 1874 (being the consolidated charter of the city). This section provides that "no error or informality in the proceedings of any of the officers entrusted with the same, not affecting the substantial justice of the tax itself, shall vitiate or in any way affect the validity of the tax or assessment."

The cases referred to by the learned counsel for the respondent do not, we think, conflict with the view above taken. In the case of *Kneeland v. Milwaukee*, 18 Wis., 411–418, the late Chief Justice DIXON, in his opinion, uses some language from which it might be inferred that the omission to file plans of work to be done under the charter in any case would render the assessment absolutely void, even though it did not appear in the proofs or allegations, or by reasonable inference, that any injury resulted from such omission. The opinion, however, rests upon the more rational ground that it was apparent that the want of such plans, and other defects in the proceedings, would be detrimental to the rights of the lot-owner. *Mitchell v. Milwaukee*, 18 Wis., 92; *Wells v. Burnham*, 20 Wis., 112; *Houghton v. Burnham*, 22 Wis., 301–306. The last case very clearly holds that omissions in the proceedings, which do not prejudice the taxpayer, are not sufficient to justify the interference of a court of equity. See *McIntyre v. The Town of White Creek*, 43 Wis., 620–627. In this case it was substantially held that, although the board of review had increased the plaintiff's assessment without giving him notice as required by law, a court of equity would not interfere to set aside the tax on such assessment without proof that the plaintiff was injured by such increased assessment, by showing that he was in fact overassessed.

---

---

The general allegations of the complaint, that the contract for paving the street " was not made according to law or upon proper legal notice," " that the board had no legal authority to enter into said contract," and " that the certificates are illegal and void," are mere conclusions of law, and, unless the other facts alleged justify these conclusions, they can have no effect in upholding the sufficiency of the complaint.

After a careful consideration of the complaint, we do not find any facts alleged therein which clearly show that the plaintiff has sustained any injury by reason of any irregularity in the proceedings of the city officers in paving the street in front of her lots, or in the assessment of her lots for a portion of the cost of such improvement. She was not, therefore, entitled to any relief in equity, and the demurrer of the appellant should have been sustained.

*By the Court.*— So much of the judgment of the county court as is appealed from by the appellant, is reversed as to him, and the cause is remanded for further proceedings according to law.