McMILLAN, Appellant, vs. FOND DU LAC COUNTY and others, Respondents.

*January 13—February 18, 1908.*

*Municipal corporations: Public improvements: Paving streets: Assessment against abutting property: Defects and irregularities.*

1. In an action to cancel and annul tax certificates issued for special assessments levied in 1902 for macadamizing a city street and to enjoin the issuance of tax deeds thereon, it appeared that in 1869 the street had been improved and the cost thereof assessed against the abutting property, and that such earlier improvement consisted of a strip through the center of the street only ten feet wide, and left the remainder of the street an earth surface between the pavement and the edges of the

street. The city charter (ch. 299, Laws of 1885) provided that when a street had been paved, macadamized, or graded and the cost of the improvement had been assessed upon abutting property it should not be subject to or assessed for a second or subsequent improvement. *Held:*

(1) To exempt abutting property from payment of the cost of improving a street by reason of having paid for former assessments, it was necessary that such former improvement should be one which substantially covered the street from curb to curb.

(2) The improvement of 1869 was not of such character or extent as to exempt the abutting property from assessment for the improvement of 1902.

2. In enforcing the collection of special assessments on abutting property, defects which do not go to the groundwork of the tax, but are irregularities in the proceeding after the municipal authorities have obtained jurisdiction to make the improvement and to assess the cost thereof against the abutting property, do not operate to impose any unjust proportion of the burden on the abutting owner, and afford no ground for relief against the tax.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is an action to cancel and annul three certain tax-sale certificates and to enjoin the issuance of deeds thereon. Plaintiff is the owner of three parcels of land which abut on East Second street in the city of *Fond du Lac.* In the year 1869 East Second street, including that portion on which plaintiff's lots abut, was improved by grading and sloping a width of forty feet of the street so that the center was two and one-half feet higher than the gutters. After the street as so graded had been rolled, a strip of crushed stone ten feet wide and eight inches deep was laid along the center of the street. The edges of the strip of crushed stone were supported by planks. Upon a layer of crushed stone four inches thick was placed another layer of the same thickness of smaller stone, and a course of gravel was placed above this. The whole was then rolled smooth and packed down. The

graded portion of the street outside of the planks supporting the crushed stone was graded up to the level of the strip of crushed stone and rolled down smooth and hard. The cost of this improvement was borne by the abutting property. In 1902 the common council caused the street to be improved by paving or macadamizing it with three layers of crushed stone and by placing stone curbing along each side of the macadam at a distance of fifteen feet from the center line of the street. Part of the curbing thus placed was known as protection curbing, being placed along the side of the macadam where it meets alleys, unpaved streets, and driveways. Three special tax certificates were issued to the contractor, covering the assessments made for these improvements against the three parcels of land owned by the plaintiff. These special tax certificates were indorsed by the contractor, and the treasurer of the city paid the amount due on them to the contractor. The special tax certificates were not paid by the plaintiff, and the amounts were included in the taxes against the plaintiff's three parcels of land. These special taxes were returned as delinquent to the county treasurer, and by a settlement between the treasurer of the county and the city treasurer the county became the owner of the special tax certificates. On May 19, 1903, plaintiff's lots were sold by the county treasurer for the nonpayment of the taxes and the county became the purchaser. Tax certificates were duly issued to the county, and the county was the owner of these tax certificates at the time this action was begun. Plaintiff alleges that the taxes for these improvements of 1902 are invalid and void because the improvements of 1869 were of such a character and of such permanence that plaintiff's property was exempt from assessment for the improvements of 1902, and also because the provisions of the city charter respecting these improvements were not followed in the improvement proceedings. The irregularities alleged consist of a failure to enter at length upon the proceedings of the

common council the recommendation in writing of the majority of the resident owners in favor of the improvements; in giving but seven days' publication of the notice calling for bids for the work, the charter requiring eight; in the failure of the common council to direct the assessment, collection, and payment of the expense of the improvements on the day when the proposals for doing the work were received by the council, as specified and provided by the charter; in a failure of the common council to direct the city clerk to issue the certificates after due notice, after the council had confirmed the assessment; in the omission of the council to specifically approve of the specifications for the curbing and in a failure to make specific order for the publication of the curbing assessment; and in the failure to apportion the cost of the macadam and the curbing separately. The court found that the improvements of 1869 were not of such a character .that the lots of the plaintiff were exempt from their proportionate assessment of the cost of the improvements of 1902, and that the irregularities alleged in the improvements of 1902 were not such as went to the groundwork of the tax. Judgment was awarded in favor of the defendants, dismissing the complaint and for their costs. This is an appeal from the judgment.

*J. G. Hardgrove,* for the appellant.

For the respondents there was a brief signed by *M. K. Reilly* for the city of *Fond du Lac* and by *B. A. Husting* for the county of *Fond du Lac,* and the cause was argued orally by *Mr. Reilly.*

SIEBECKER, J. The appellant claims that the defendant city erroneously charged against his property part of the costs for the 1902 improvement of the street on which it abuts, upon the ground that this property is not subject to assessment for this improvement under the provision of the city charter to the effect that the cost of paving, macadamizing,

or grading of any street should be assessed upon the abutting property, but that such property should not be subjected to and assessed for a second or subsequent improvement, provided that in the case of graveling a street the original improvement consisted in "placing thereon of at least one foot in depth by sixteen feet in width of gravel to entitle such improvement to be a permanent one within the meaning and provisions of the foregoing proviso." Sec. 8, ch. 299, Laws of 1885. It is averred that the street in front of this property was improved in 1869 by grading and paving it, and that the cost thereof was assessed against the abutting property, and that the action of the city in requiring payment of the cost of such improvement by abutting owners exempts the property from assessment for the cost of macadamizing the street in 1902. It is established by the evidence and the court found that the improvement of 1869 was not of a character such as brought it within the class of permanent improvements contemplated by the provision of the charter. We think the trial court held properly that to exempt abutting property from the payment of the cost of paving or macadamizing a street, by reason of having paid for former assessments, it is necessary that such former improvement should be one which substantially covered the street from curb to curb. The improvement of 1869 consisted of a strip through the center of the street only ten feet wide, and left the remainder of it an earth surface between the pavement and the edges of the street. The improvement is not in character or extent such as is commonly understood to be a paved or macadamized street. This conclusion is reinforced by the provision in the charter that no graveled street should be deemed a permanently improved one within this provision unless the improvement was at least sixteen feet in width and a foot in depth. Under the facts shown we are led to the conclusion that the trial court properly held plaintiff's property liable for its proportionate share of the cost of the 1902 improvement of the street.

It is urged that the proceedings taken for making the improvement and the assessment of the cost on the abutting property are invalid on account of the failure of the city authorities to take the steps specified in the charter. The various defects in the proceedings are such as do not go to the groundwork of the tax, but are irregularities in the proceeding after the council had obtained jurisdiction to make the improvement and to assess the cost thereof upon the abutting property. These irregularities did not operate to impose any unjust portion of the burden on appellant as an abutting lotowner. In *Gleason v. Waukesha Co.* 103 Wis. 225, 230, 79 N. W. 251, an action similar to this, it was declared:

"Where there has been a substantial compliance with statutory requisites in regard to the imposition and collection of special taxes or local assessments, and the complainant is unable to show that any injustice has been done him, equity will afford him no relief against such taxes and assessments."

It is also provided in defendant's charter, in respect to this subject, that:

"No error, informality, or defect in the proceeding had before or in the issuance thereof [*i. e.* of a special tax certificate] shall impair or vitiate the right of the person or city to recover the amount of such lien, in subsequent proceedings." Sec. 4, subch. XIV, ch. 152, Laws of 1883.

A like provision was considered in *Warner v. Knox,* 50 Wis. 429, 436, 7 N. W. 372. Under the terms of this provision appellant has no grounds for complaint on account of these irregularities.

In answer to the argument that he was injured by being compelled to pay for curbing, it appears that the council obtained jurisdiction to macadamize the street and to place a suitable curbing thereon by petition of the requisite number of property owners. Whatever irregularities occurred thereafter in carrying out the enterprise as to placing the curb are not such as to afford any ground for relief against the tax under the foregoing provision of the charter and the equi-

table rule that appellant must show that he has suffered an injury by reason thereof.

This state of the case calls for affirmance of the judgment of the trial court.

*By the Court.*—Judgment affirmed.