Wood v. Helmer.

ELIZABETH D. WOOD AND OTHERS, PLAINTIFFS IN ERROR, v. LOUIS HELMER, TREASURER, AND CHARLES R. DEWEY, DEFENDANTS IN ERROR.

1. **Taxes:** ASSESSMENT: TAX CERTIFICATE. One W. brought an action for the cancellation of certain tax certificates, upon the sole ground that the assessor failed to make and return an oath attached to the assessment roll. The plaintiff neither paid nor offered to pay the taxes justly chargeable against the land. *Held*, That there was no equity in the petition, and a judgment dismissing it was affirmed.

2. ———: ———. Irregularities in the assessment of real estate may render a tax deed based on such assessment void; but if a land-owner does not take the hazard of an adverse tax title, and asks the aid of a court of equity to relieve him therefrom, he must do equity by paying, or offering to pay, the amount justly chargeable against his land.

ERROR to the district court for Lancaster county. Tried below before POUND, J. The opinion states the case.

*W. H. Snelling*, for plaintiffs in error, cited Potters Dwarris on Statutes, 224. *Morrill v. Taylor*, 6 Neb., 236. *U. S. v. Case of Hair Pencils*, 1 Paine, 406. *Marsh v. Supervisors*, 42 Wis., 502. *Sumner v. Sherman*, 13 Vermont, 612.

*Harwood & Ames*, for defendants in error.

NOTE.—If a tax be levied in excess of the amount authorized by law such excess may affect titles acquired by a sale of the property for such illegal tax; but this will not excuse a party praying for an injunction from tendering the amount of taxes justly due. *B. & M. R. R. v. York County*, 7 Neb., 495. If the action is for the purpose of having a tax *deed* declared void, the court will, when prayed for in the answer, retain jurisdiction for the purpose of foreclosing and enforcing the lien of the taxes and interest. *Pettit v. Black*, 8 Neb., 62.—REP.

MAXWELL, CH. J.

In November, 1878, the plaintiffs filed a petition in the district court of Lancaster county, praying for an injunction to restrain the county treasurer from executing a tax deed upon certain real estate in Midland precinct, in said county, which had previously been sold to Charles R. Dewey by said treasurer for the taxes due thereon for the year 1876, and that the purchaser of said lands at tax sale may be required to surrender his certificate, and that the same shall be canceled, and for such other relief as may be just and right. The sole ground upon which relief is sought is that the assessor for that year failed to make and attach the oath required by the statute to the assessment roll. An answer was filed by the defendants to the petition in substance denying the material allegations of the petition, and alleging that said lands were legally sold. On the trial of the cause two assessment rolls from that precinct for the year the lands in question were assessed and sold were introduced in evidence, one of real estate and one of the personal property in said precinct, the statutory form of oath of the assessor being attached to the roll containing the list of personal property. Whether the lists were returned by the assessor to the county clerk in this manner does not appear. The court found generally for the defendants and dismissed the action. The plaintiffs bring the cause into this court upon a petition in error.

The plaintiffs place great reliance upon the case of *Morrill v. Taylor*, 6 Neb., 236. That was an action of ejectment to recover the possession of certain real estate sold for taxes. In that case it was expressly stipulated "by and between the parties that the assessment rolls for the years 1869, 1870, and 1871, which included the land in question, nor any of them, did not

have any oath of any assessor attached, as the statute provides," and further that the notice of sale of 1871 for taxes of 1870 was advertised to commence on the first *Tuesday* instead of the first Monday in September, and that the notice of sale for taxes of 1871 fixed the place of sale at the front door of the *treasurer's* office, whereas the deed recited that it actually took place at the door of the court house. It was held in effect that it having been agreed between the parties that there was no valid assessment, therefore the tax deeds relied upon failed, and the *title* having failed, there was nothing upon which the lien given by statute could attach.

The decision is placed upon the ground that a party cannot be divested of his *title* to real estate by tax proceedings without a substantial compliance with the statute providing for the assessment and collection of taxes. And where it is conceded, as in that case, that an essential prerequisite to the right to tax had not been complied with, the title must fail—that is, the party having relied upon his tax deeds, which, having failed, the defendant could not resist the plaintiff's right to the possession of the land. But is the landowner in as favorable a position when he invokes the aid of a court of equity to enjoin a tax deed from being executed by the treasurer to the purchaser at tax sale of his real estate upon the ground alone that the oath was not made and attached to the assessment roll? An examination of the statute and the authorities will determine.

Section 51 of the revenue law provides that " taxes upon real property are hereby made a perpetual lien thereupon, commencing from the first day of March of the current year, against all persons and bodies corporate, except the United States and this state." [Gen. Stat., 917].

Section one of art. IX. of the constitution provides that "the legislature shall provide such revenue as may be needful by levying a tax by valuation, so that every person and corporation shall pay a tax in *proportion* to the value of his, her, or its property and franchises, the value to be ascertained in such manner as the legislature shall direct." Section 4 provides that "the legislature shall have no power to release or discharge any county, city, township, town, or district whatever, or the inhabitants thereof, or any corporation, or the property therein, from their or its proportionate share of taxes to be levied for state purposes, or due any municipal corporation, nor shall commutation for such taxes be authorized in any form whatever."

It will be seen that by our statute taxes are made a perpetual lien upon real estate, and that the legislature has no power whatever to release property from the payment of its due proportion of taxes.

In *Frazier et al. v. Sierbern*, 16 Ohio State, 614, the plaintiffs were shareholders in the First National Bank of Cincinnati, and in the year 1865 their several shares in the bank were assessed as personal property at their par value, no deduction being made for capital invested in U. S. bonds, nor for real estate which was taxed to the bank. The act of congress authorizing national banks provides that shares shall not be assessed for state taxes at a greater rate than that imposed upon "other moneyed capital in the hands of individuals of the state," and that the tax shall not exceed the rate imposed upon the shares in any of the banks organized under the authority of the state where such association is located. The plaintiffs alleged in their petition for an injunction, that the tax sought to be enjoined was unauthorized by law and in violation of the above provisions of the act of con-

gress. It was also alleged that shares in the state banks were not subject to taxation, and that the banks themselves were taxed at a much lower rate than was assessed upon the plaintiff. The court held in substance that the shares were not subject to taxation, but that the plaintiffs were not entitled to an unconditional injunction against the collection of the tax. The court say: "They ask equity and must do equity. They invoke the exercise of an extraordinary power of the court for their relief, and the court in its discretion should refuse that relief, except upon conditions that are equitable and just. We think, therefore, that the injunction should be granted upon the condition that the plaintiffs or their bank shall pay to the treasurer of Hamilton county a sum that shall be *pro rata* equivalent for the tax imposed upon the state and independent banks," etc.

In *Morrison v. Hershire*, 32 Iowa, 271, the petition alleged that the plaintiffs were residents and property owners of Iowa city; that by certain ordinances and resolutions passed by the city council, parts of certain streets which were used as a thoroughfare between the railroad depot and the business portion of the city had been improved, and the cost of the improvement assessed upon the lots abutting on the streets, each lot being assessed with the cost of the improvement of the street adjacent thereto, and that the plaintiffs separately were the owners of such lots; and that the special tax so levied had been placed upon the county tax books and delivered to the collector for collection. The plaintiff then set out the ordinances and resolutions under which the tax was levied, and alleged that the assessment was illegal and void. The court say: "We understand that it is a settled rule in equity, that where a party is in conscience bound to pay a certain sum of money which, together with an

amount he is not legally bound to pay, is brought as a legal claim against him, equity will not restrain the collection of the whole, unless he pay, or offer to pay by tender, the sum which he justly and equitably owes," citing *Stringham v. Brown*, 7 Iowa, 33. *Sloan v. Coolbaugh*, 10 Id., 31. *Casrady v. Bosler*, 11 Id., 242. *Stanley v. Gadsby*, 10 Pet., 521. *The City of Indianapolis v. Gilmore*, 30 Ind., 415. The demurrer to the petition was sustained.

In the case of *Harrison v. Haas*, 25 Ind., 281, Haas filed a petition in the Morgan circuit court, stating that he was the owner of certain real estate which had been sold for taxes, and that a certificate of purchase had been executed by the auditor to the purchaser at the tax sale. It was also alleged that at the time of the assessment and levy of said taxes the plaintiff was the owner of personal property in said county liable to sale for taxes of the value of $500, and that he was still the owner of the same; that the treasurer, without searching for personal property, advertised and sold said real estate. The plaintiff prayed that said certificate be canceled, and that the auditor be enjoined from making a deed to the purchaser at tax sale. The court held that a demurrer to the petition should have been sustained. The court say: "He asks a court of equity to place him in a better position than he would have occupied if he had at the proper time paid the taxes legally assessed against him, and which were a lien upon his land; that the court shall remove the cloud without the payment of the debt. *Qui sentit commodum sentire debet et onus* is a maxim of the law, and although the law cannot apply its maxims in all cases, yet equity will not violate them. It will not so much as lift a finger to remove a cloud while a moral obligation remains undischarged."

In *Roseberry v. Huff*, 27 Id., 12, the petition alleged that the plaintiff's taxes were delinquent from 1853 to 1863 inclusive, and that the treasurer had charged up against the plaintiff ten per cent penalty for each year's taxes, and also compound interest upon the original assessments. It was held that the penalties and interest were illegal, but as a condition of relief the plaintiff must pay the taxes justly due from him.

In the case of *Bond v. The City of Kenosha*, 17 Wis., 284, an action was brought to restrain the defendants from executing tax deeds of certain lands in the city of Kenosha, sold in 1858 by the treasurer of Kenosha county for the taxes of 1857. The petitioner alleged in substance that the sales were illegal because certain property belonging to certain railroad companies was omitted from the assessment roll, and also because of a tax illegally levied by the common council of the city for the construction of a harbor therein. It was also alleged that the plaintiff had within the city, all the time the tax list and warrant were in the hands of the treasurer for collection, a sufficient amount of personal property upon which to levy and collect said taxes. On demurrer to the answer setting up the amount levied for city, county, school, state, and harbor tax, the court say: " Here there can be no difficulty in determining the amount levied for state, county, city, and school purposes, and the respondent ought to pay those taxes even if he is right in the theory that the other tax is wholly void." And the principle of requiring the plaintiff to pay the amount of taxes equitably due as a condition of relief, was re-affirmed in *Mills v. Charleston*, 29 Id., 400.

In the case of *The City of Ottawa v. Barney*, 10 Kansas, 270, the plaintiff in the court below filed a petition to enjoin the treasurer of Franklin county from selling certain real estate of the plaintiff's in the city

of Ottawa, for special assessments made thereon for the improvement of the streets, alleging in substance that lots abutting on the street improved had been assessed only to the depth of twenty-five feet, and not to the centre of the block, and that the amount imposed on Barney's lot was the sum of $184.80, when it should not exceed $50. The court say: " He that seeks equity must do equity. The plaintiffs below admit they owe something, but deny they owe all that has been assessed. Before injunction will be granted under these circumstances they must pay or tender what they owe." *Gulf R. R. Co., v. Morris,* 7 Kan., 210. *Comrs. v. Lang,* 8 Id., 284. *Merrill v. Humphrey,* Am. Law Reg., April, 1872, p. 208.

In *Challis v. Coms. of Atchison Co.,* 15 Kansas, 49, on an application for an injunction to restrain the issue of certificates and the execution of tax deeds upon a number of lots belonging to the plaintiff in the city of Atchison, the objections alleged were, 1st, that no due assessment and valuation of each parcel of real estate within the township and city of Atchison was made for the year 1869, and returned duly verified, etc., before June 1, 1869, nor was plaintiff's property so assessed and returned in a book, etc., as required by law; 2d, that the pretended assessment was made for 1869 without the assessor having received the assessment roll of 1868 before March 1, 1869; 3d, that more than half the taxes were percentage levied by the mayor and council of the city of Atchison, and the same were not certified to the county clerk before August 15th, 1869, or at any other time for 1869; 4th, that the treasurer did not cause notice to be published stating the amount of taxes and the time and place when the treasurer and his deputy would attend to receiving taxes. The fifth and sixth assignments refer to the advertisement and sale. An injunction was

denied. The court say : " Now it is unnecessary to determine how. these defects would be regarded in an action at law, in which the validity of these proceedings was involved. It may be that they would defeat the title, either before or after the running of the statute of limitations, or it may be they would be considered mere irregularities, such as are covered by section 113 of the tax law. The principles which would control in that action are entirely different from those which obtain here. Here the question is, whether in equity and good conscience the plaintiff ought to have paid these taxes. And to this question the answer must be in the affirmative. He makes no pretense that the property was not subject to taxation. Nothing is intimated to impeach the justice of the tax.  *  * The objections run to the *manner* in which that valuation was reached—to alleged omissions and deviations from the statutory mode of procedure, and not to the result."

In *Briscoe v. Allison*, 43 Ill., 291, it was held that where a bill is filed to stay the collection of a tax levied to pay county orders issued for bounties, a portion of which are authorized by law, the court should ascertain the amount the unauthorized bear to those authorized, and reduce the levy by the proportion the former bears to the latter, and require the remainder to be collected and applied to the payment of those legally issued.

In the case of *The C. B. & Q. R. R. Co. v. Frary*, 22 Id., 34, a bill was filed to restrain the treasurer of Bureau county from levying, selling, or distraining the property of the company for the taxes levied in that county. On the hearing, the injunction was dissolved, and the bill dismissed. On appeal to the supreme court, the court say : " The decisions of this court show, that in a large majority of the cases involving the regularity of the proceedings for the collection

of the revenue, we have met with irregularities in the proceedings to such an extent as to destroy the titles to real estate acquired at tax sale.  *  *  Let us now, by sustaining this bill, stretch out the strong arm of this court and stay the hand of the collector in every case where any irregularity can be shown in the assessment of the revenue, and a flood of injunctions would be shed over the land at once. State and county revenue would cease to be collected, at least till the termination of protracted litigation, and the wheels of government would stop. It is no answer to say, let those whose duty it is to administer the revenue law do it with greater care, and do everything which the law requires, and at the time specified, and be careful that they do no more than is required. We must take things as they are, and look at practical results.  *  * Equity cannot attempt to prevent, any more than it will redress, all wrongs. It is not in ordinary but in extraordinary cases that this writ is properly invoked. If the law can redress the wrong—if it can repair the injury—equity must suffer it, and let the courts of law redress it. This is the general rule, to which there are no doubt exceptions, and exceptions, too, in cases of the collection of taxes. Those exceptions are confined almost entirely to cases where the tax itself is not authorized by law, or if the tax itself is authorized it is assessed upon property which is not subject to the tax."

In the case of *Merrill v. Humphrey*, 24 Mich., 170, a bill was filed to restrain the auditor general and the county treasurer of Osceola county from proceeding to sell the lands of complainant, alleging that such lands were fraudulently assessed above their value, and very much beyond the assessment of other property. The complainant alleged that he was ready to pay his proportion of said taxes whenever the same should be

properly and legally assessed. A decree was render-
ed for the complainant in the circuit court, which on
appeal to the supreme court was reversed, and the bill
dismissed. The court say: "There is no equity in
relieving the complainant altogether from the payment
of taxes upon his lands. He owes to the state, county,
and township the same duty, and is under the same
obligation with every other property owner therein;
and the attempt by an official to exact from him more
than is just will not excuse him from bearing the bur-
den, so far as it is just."

A party seeking relief in a court of equity from
taxation, which is claimed to be unauthorized, must
bring his case within some recognized rule of equity
jurisprudence. A court of equity is not a court of
errors to review the proceedings of those officers in-
trusted with the assessment of property and collection
of the revenue. If their proceedings are invalid no
title will pass by a sale of real estate for taxes, and
this question may be litigated in an action at law for
the possession of the premises, as in such case the
party claiming under a tax deed must stand or fall
upon the strength of his title. But if the owner of
the land does not wish to take the hazard of an ad-
verse title being made to his land by tax deed, the le-
gality of which remains undetermined, and files his
petition in equity to enjoin the execution of such
deed, he must do equity by paying, or offering to pay,
his just proportion of the public burden. In an ac-
tion at law he relies upon his naked legal rights, and
asks no aid from the court. In an action in equity he
seeks the aid of the court to remove a cloud from his
title, and save him from the hazard of an adverse
title, and unless he offers to do equity he presents no
case for equitable relief. The burden of taxation is
intended by the law to be laid equally upon all taxa-

ble property in the state. No property except that specifically excepted, of which this is not a part, is exempt from taxation. All property is protected by the law. Why should it not contribute its proportion of taxes towards the maintenance of the government, unless for some special reasons the tax may be unjust or oppressive? This is not a case where the plaintiff alleges that the lands are not subject to taxation, or that the tax is not a proper burden upon the land if legally assessed, or where it is claimed that he is required to pay more than his due proportion of taxes.

If this action can be maintained the strange spectacle will be presented of a state whose laws require all property to contribute its proportion to the public burdens, but the courts of which enjoin the collection of taxes, which are just and equitable, and a proper charge upon the land sought to be exempted, upon the sole ground of the neglect of the assessor to make and file a proper oath. No case has been cited, holding that such is the law, and I think none such can be found. The cases by the appellant are of an entirely different nature from the one at bar, and have no application.

As was said in the case of *Jones v. Summer*, 27 Ind., 510, where one appeals to a court of equity for an injunction, he must rely upon some substantial equity, and cannot avail himself of naked irregularities, or the neglect of mere forms, to shield himself from a liability confessed to be just. As there is no equity in the petition, the judgment of the court below dismissing it must be sustained.

JUDGMENT AFFIRMED.