THE SOUTH PLATTE LAND CO., APPELLEES, V. THE CITY OF CRETE AND JOSEPH RUFFNER, TREASURER, APPELLANTS.

1.    **Injunction to Restrain Collection of Tax.** An injunction to restrain the collection of a tax will not be granted unless the tax complained of is either void or its enforcement decidedly inequitable.

2.    **Taxation:** ASSESSMENT ESSENTIAL. An assessment of property is essential to the validity of a tax. If there be no assessment the tax is void, and relief against it by injunction proper.

3.    ———. But a formal assessment, although not made in the mode contemplated by the law, if not inequitable, will support a levy otherwise legal.

4.    ———. The fact that the board of equalization failed to meet, whereby no opportunity was afforded the plaintiff to appear and show that the "assessment was too high," is no ground for equitable relief without showing that the valuation was, relatively, too high, and that the complainant desired to have it equalized by a suitable reduction.

5.    ———: OATH TO ASSESSMENT ROLL. A tax in all other respects proper, levied upon an unverified but fair valuation, is just as equitable as if the required verification had been made.

APPEAL by defendants from a decree rendered against them in the district court of Saline county, WEAVER, J., presiding, perpetually enjoining the colection of taxes assessed and levied upon the property of plaintiff for the year 1874.

*M. B. C. True,* and *Lamb, Billingsley & Lambertson,* for appellants, cited Cooley on Taxation, 195. *Saxton v. Nims,* 14 Mass., 315. *Crommet v. Pearson,* 18 Maine, 344. *Palmer v. Boling,* 8 Cal., 384. *Hartwell v. Root,* 19 Johns., 345. *Guy v. Washburn,* 23 Cal., 111. *Lessees of Ward v. Barrows,* 2 Ohio State, 242.

*T. M. Marquett,* for appellee, cited *Butler v. Supervisors,* 26 Mich., 22. *Darling v. Gunn,* 50 Ill., 428. Cooley on Taxation, 266. *South Platte Land Co. v. Buffalo Co.,* 7 Neb., 253.

LAKE, J.

The first question raised by the appellant goes to the sufficiency of the facts stated in the petition to constitute a cause of action.

Where the suit is at law for the purpose of depriving one of his property through the medium of the taxing power, the courts look upon the proceedings under revenue laws far differently than where it is in equity asking an injunction to restrain the collection of a tax. In the former case all the essential requirements of the law must have been met, or the action will fail, and the ownership of the property remain unaffected, while in the latter, unless the tax be absolutely void, or its enforcement decidedly inequitable, the relief sought will be denied.

In *Dundy v. Richardson County,* 8 Neb., 508, we held that "when a party seeks to enjoin the collection of a

tax upon real estate, he must set forth such facts in his petition as will show the collection of the tax to be unjust and inequitable." In other words, he must bring his case within some acknowledged head of equity jurisdiction. *South Platte Land Co. v. Buffalo County*, 7 Neb., 253. With this understanding of the law the question presented is not difficult to answer.

The defendant, the city of Crete, is a municipal corporation organized under the general law for the incorporation of cities of the second class, and as such is invested with the power, under certain restrictions, to levy and collect taxes as a means of accomplishing the purposes of its creation. This much the plaintiff concedes, but contends in argument that by the several allegations in his petition he shows the particular taxes in question to be void and inequitable. On this point the first ground of infirmity relied on is that there was no assessment of the property for taxation. If the petition really showed this to be so, inasmuch as assessment is the basis of a valid tax, it would, under the rule adopted by this court, be good ground for the relief sought. But does it? On this subject the allegation is: "That no assessment whatever was made of the plaintiff's said property, for the year 1874, as required by law." The legitimate inference from this is, not that no assessment was made, but that one was made, not, however, "*as required by law.*" In other words, that it was illegally made, which, by subsequent averments, is shown to have been the fact. Instead of valuing the property according to his own judgment of its worth, the averment is that the city assessor adopted an assessment made by the precinct assessor, under the state law for general revenue purposes, returning to the city council a copy thereof as his own valuation.

While the mode here adopted was not the one con-

templated for fixing the value of property for the proposed levy, it was by no means void.   In form, at least, it was correct, and, for aught that is shown, was entirely just and equitable to the plaintiff.   Indeed the effort at complaint on this score realized only this which we quote: "That the said pretended assessment put on the said property of the plaintiff an excessive value, and that this value so put on said real estate and property of plaintiff would cause plaintiff to pay more than its just proportion of taxes."   All this, however, may be true, and still no ground exist for the equitable relief prayed.   Besides, the allegation of excessive valuation, on which the second proposition rests, is but a mere conclusion, with no facts stated to warrant it. There is nothing averred from which the court would be justified in saying that the valuation was above the real worth of the property, or disproportionate to that given to the property of all the other tax-payers of the city.

We conclude, therefore, that the taxes in question were not, as claimed, void; and although perhaps so affected by infirmities as to render them illegal and incapable of enforcement as against the plaintiff's property, there is no visible consideration leading us to say that they are inequitable, and should be enjoined. *Wood v. Helmer*, 10 Neb., 65.   *Hunt v. Easterday*, Id., 165.   *Boeck v. Merriam*, Id., 199.   *Southard v. Dorrington*, Id., 119.

Another ground of complaint made against these taxes is, that "the said city council never sat as a board of equalization," and that in consequence of not doing so, the "plaintiff had no opportunity to appear and show that said pretended assessment was too high." But the mere "opportunity" to appear and make such showing would have been of no benefit unless the valuation was relatively too high, and the plaintiff desired

to have it equalized by a suitable reduction, neither of which facts is shown.

And what we have thus far said in effect virtually disposes of the only other point made which it is necessary to notice, viz., that "no oath was attached" to the assessment roll by the assessor. Whatever effect the want of such oath might have in an action at law, it certainly can have none in a case like this. A tax, in all other respects proper, levied upon a valuation unverified but fair, is just as equitable, and the owner of the property in conscience just as much bound to pay it as if the required verification had been duly made.

With these views, we reach the conclusion that the petition fails to state a cause of action for equitable relief. The judgment of the district court must be reversed, and the case dismissed at the costs of the plaintiff.

JUDGMENT ACCORDINGLY.