C. C. McNISH, APPELLANT, V. HALE PERRINE AND D. W. CLANCY, APPELLEES.

1. **Tax Lien:** FORECLOSURE: PLEADING. In the foreclosure of a tax lien, the holder may join as many tracts or descriptions of real estate belonging to one defendant upon which he has a tax lien as he may see fit. In such case the tax due upon each tract will constitute a separate cause of action, and should be separately stated and numbered.

2. **Taxes:** FAILURE OF ASSESSOR TO SWEAR TO ROLL. A valid tax is the foundation of a lien for taxes upon real estate. Therefore, if it appears that the assessor failed to swear to the assessment roll, the lien for taxes cannot be enforced.

APPEAL from the district court of Cuming county. Heard below before BARNES, J.

*M. McLaughlin,* for appellant.

*J. C. Crawford,* for appellees.

MAXWELL, J.

This is an action to foreclose a tax lien. A demurrer to the petition was sustained in the court below and the action dismissed. The plaintiff appeals to this court.

It is alleged in the petition that on the first day of June, 1877, one Robert Kloke purchased at private tax sale, from the county treasurer of Cuming county, lots numbered 5 and 6 in block 29, in the village of Wisner, for the delinquent taxes of 1875, and paid therefor the sum of $14.-10 and received a certificate of purchase, which was assigned to the plaintiff; that on the fourth day of June, 1877, the plaintiff purchased at private sale lots 9 and 10 in block 29, in said village, for the taxes of 1875, paying therefor the sum of $57.41; that said lots have not been redeemed from said taxes; that when the time for the redemption of said lots expired, R. M. Forbes was the owner of the same, and upon his promising to pay said taxes from time to time, the plaintiff failed to apply for and obtain a tax deed; that afterwards said Forbes sold said lots to the defendant, Perrine, who refuses to pay said taxes; that about the 1st day of February, 1882, the plaintiff offered to surrender said certificates to Clancy, the treasurer of Cuming county, and demanded a tax deed, which he refused to make; that said certificates are insufficient in law to authorize said treasurer to make a tax deed. *First.* Because they do not recite where the lots were sold. *Second.* Because the treasurer failed to attach his seal to the same. *Third.* Because there was no valid assessment for the year 1875, for the reason that the assessor did not swear to the assessment roll. The prayer is for a foreclosure of the tax lien, or if that cannot be had, for a mandamus to compel the county treasurer to execute a deed, etc.

The grounds of demurrer are—*First.* That the court has no jurisdiction of the subject of the action. *Second.* That there is a defect of parties defendant. *Third.* Several

causes of action are improperly joined. *Fourth.* That the petition fails to state a cause of action. These will be considered in their order.

Authority is expressly conferred by statute upon the district court in cases for the foreclosure of tax liens. The court therefore had jurisdiction of the subject matter. Comp. Stat., 432.

No defect of parties defendant appears on the face of the petition; the second ground of demurrer therefore cannot be sustained.

A party seeking the foreclosure of a tax lien may join as many tracts of land belonging to one defendant upon which he holds a tax lien as he may see fit. In such case the tax on each separate tract would constitute a distinct cause of action, and should be separately stated and numbered; but the failure to do so is not ground of demurrer. The third ground of demurrer therefore should be overruled.

The fourth ground, that the petition fails to state a cause of action, is more serious. It is alleged in the petition that the assessor for the year 1875 did not swear to the assessment roll, and that therefore the tax is invalid.

This court in a large number of cases has held that where a land owner comes into court and prays for the cancellation of a tax deed or an illegal tax which is an apparent cloud upon his title, he must do equity by paying all taxes justly due. *Wood v. Helmer,* 10 Neb., 65. *Boeck v. Merriam,* 10 Id., 199. *Hunt v. Easterday,* 10 Id., 165. *Southard v. Dorrington,* 10 Id., 119.

The reason of the rule is stated in *Wood v. Helmer,* page 75, as follows: "If the owner of the land does not wish to take the hazard of an adverse title being made to his land by tax deed, the legality of which remains undetermined, and files his petition in equity to enjoin the execution of such deed, he must do equity by paying or offering to pay his just proportion of the public burden." This we

regard as a correct statement of the law, and will be applied in all cases where the owner of land seeks relief. But this rule has no application where a party is seeking to enforce an adverse claim by tax proceedings against property.

In such case a valid tax is the very foundation of the proceedings. *Nebraska City v. Gas Co.*, 9 Neb., 339. *Morrill v. Taylor*, 6 Id., 245. *Hallo v. Helmer*, 12 Id., 87.

It has been held in a number of cases in this court that the failure of the assessor to swear to the assessment roll rendered the tax invalid. *Morrill v. Taylor*, 6 Neb., 236. *Lyman v. Anderson*, 9 Id., 367. *Hallo v. Helmer*, 12 Id., 87. This being so, and it being alleged as a part of the cause of action that the assessor did not swear to the assessment roll in the case under consideration, the plaintiff has obtained no lien upon said lots by the payment of the taxes due thereon. The demurrer was therefore properly sustained. The judgment must be affirmed.

JUDGMENT AFFIRMED.