CHICAGO HOUSE WRECKING COMPANY, APPELLANT, V. CITY OF OMAHA, APPELLEE.

FILED JANUARY 9, 1909.   No. 15,427.

Taxation: ASSESSMENT. The deputy tax commissioners of the city of Omaha omitted to assess the plaintiff's property in the year 1899 for 'the tax levy of 1900. During the sitting of the board of review. in December, 1899, this omission was discovered, and the board passed an order placing the omitted property on the assessment roll at a valuation of $30,000. Thereupon the tax commissioner notified the plaintiff of the action of the board of review, stating in said notice that, if the plaintiff did not appear and show cause why the assessment should not be made, the same would stand as fixed by the board. *Held*, That, while the board of review had no authority to assess the plaintiff's property, the notice served upon the plaintiff by the tax commissioner indicated his intention to adopt the valuation made by the board unless a showing against such assessment should be made, and that his return of the assessment roll to the board of equalization on the third Monday of December with the plaintiff's property included therein at a valuation of $30,000 was sufficient proof that the tax commissioner had adopted as his own the attempted assessment made by the board, and that such assessment, while irregular was not void.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*W. D. McHugh,* for appellant.

*H. E. Burnam, I. J. Dunn* and *John A. Rine, contra.*

DUFFIE, C.

The plaintiff and appellant instituted this action to enjoin the collection and have adjudged void a certain personal property tax assessed and levied against its property by the defendant city for the year 1900. On the trial the district court dismissed the action, and the plaintiff has appealed.

Plaintiff is insistent in its contention that no assessment of its property was ever made by the tax commis-

sioner or any deputy tax commissioner for the year 1900. It asserts that the board of review of the city of Omaha made whatever assessment the tax sought to be enjoined is based upon. It is conceded that the board of review had no authority to assess the plaintiff's property, and that a tax levied against property without assessment in fact or in form is wholly illegal and void, and will be enjoined. The tax in question was levied while chapter 10, laws 1897, was in force. Section 13 of said chapter provides for the election of a tax commissioner in cities of a metropolitan class, and section 98 makes the tax commissioner the assessor of the city, and requires him to appoint deputies for the purpose of assessing the real and personal property within the corporate limits of the city subject to taxation. Section 138 requires the assessment to be made between the 15th day of September and the 15th day of November of each year, and complete return of such assessment to be made to the tax commissioner by his deputies on or before the 1st day of December of each year. It requires the deputy assessors to make a return to the tax commissioner at the end of each week, in order that he may review and correct the assessments made by them during such week. It also makes it the duty of the tax commissioner to add to the assessment made by his deputies any property subject to taxation which he may find they have omitted. The section further provides for a board of review composed of the tax commissioner and two resident freeholders of the city to be appointed by the mayor, and this board had power to review the assessments of all the real and personal property returned by the deputy assessors, "and to cause to be corrected all errors in the assessments so returned whether of undervaluation or excessive valuation." The board was to sit from the 15th of November to the 15th of December of each year. Section 141 of the act requires the tax commissioner to complete the assessment roll of the city on or before the 3d Tuesday of December, when the city council was to hold a session of not less

Chicago House Wrecking Co. v. City of Omaha.

than five days as a board of equalization, giving the six days' notice thereof in the official papers of the city. The statute above referred to makes it plain that the assessment roll of the city was in the custody and under full control of the tax commissioner from the 15th of September until delivered to the city council on the third Tuesday of December, 1900, and that during all that time it was his duty to add to such roll any taxable property which had been omitted by his deputies.

The ground upon which the plaintiff seeks to avoid the tax in suit is that the assessment of its property was made by the board of review, and not by the tax commissioner or one of his deputies. The defendant introduced in evidence an order made in December, 1899, appearing on page 326 of the record kept by the board of review, in the following words: "It was ordered that the personal property of the Chicago House Wrecking Company be added to the assessment roll at the valuation of $30,000, and that notice be served on said company to show cause why the assessment should not stand." The record further shows a notice served upon one of the officers or agents of the plaintiff as follows:

"Tax Department, City of Omaha. Omaha, Neb., 12-2, 1899. To .......... : You are hereby notified that the personal property of the Chicago House Wrecking Company was omitted from the assessment roll and that the same has been added thereto by the board of review for assessment for the city taxes of the city of Omaha for the year 1900 at a valuation of $30,000, and unless you appear before said board on or before December 15th and show cause why said assessment should not be made the same will stand as fixed by the board of review. Fred. J. Sackett, Tax Commissioner." This notice is signed by the tax commissioner, whose duty it was to assess the property omitted by his deputies. The notice is explicit in its terms that, unless the plaintiff appeared before the board of review and showed cause why the assessment should not be made, the same would stand as fixed by the board

of review. In other words the tax commissioner informed the plaintiff that, if there was no showing that the valuation fixed by the board of review was unfair or excessive, he would adopt such valuation as his own. That is the only reasonable construction which can be placed on the above notice in view of the tax commissioner's duty under the law. We know of no rule which prevents the tax commissioner or other assessing officers from advising with third parties relative to the valuation of taxable property within his jurisdiction, and, if the tax commissioner sought or obtained the opinion of the other members of the board of review in fixing a valuation upon the plaintiff's property, this could not have the effect of invalidating the assessment. Conceding, however, that the valuation placed upon the property was fixed by the board of review, the evidence is clear that the tax commissioner, by returning such assessment to the board of equalization, adopted as his own the amount fixed by the board of review as the taxable value of the property, and, as held in *South Platte Land Co. v. City of Crete*, 11 Neb. 344, a very similar case: "While the mode here adopted was not the one contemplated for fixing the value of property for the proposed levy, it was by no means void. In form, at least, it was correct, and, for aught that is shown, was entirely just and equitable to the plaintiff." Under this holding, the assessment placed upon the plaintiff's property having received the sanction of the tax commissioner cannot be said to be an absolutely void assessment.

It may be, and presumably was, the case that the board of review thought it a duty incumbent upon it to notify the owner of omitted property of any additions made to the assessment roll during the sitting of such board, as section 138 requires said board to notify owners of any increase in their assessment. That the board of review should construe this section as requiring them to notify the property owner of any addition made to the roll by the tax commissioner during the sitting of the board is not at all improbable. At any rate, the assessment placed

upon the plaintiff's property received the sanction of the tax commissioner, whose duty it was to assess the same, and this, we think, a sufficient assessment and a sufficient compliance with the law.

No complaint is made that the assessment is too high or the tax levied for any illegal purpose. So far as the record discloses, the plaintiff is called upon to bear only its due proportion of the public burden, and we recommend an affirmance of the judgment.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.